J-S02039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH SAXTON | |
| Appellant | No. 925 EDA 2016 |

Appeal from the PCRA Order February 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1007631-1980

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, J., and MOULTON, J.

MEMORANDUM BY MOULTON, J.:                    **FILED JUNE 29, 2017**

Kenneth Saxton appeals, *pro se*, from the February 16, 2016 order entered in the Philadelphia County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the relevant procedural history of this matter as follows:

> In 1981, following a non-jury trial, [Saxton] was convicted of first-degree murder and possession of an instrument of crime.[1] On May 7, 1981, [Saxton] was sentenced to life imprisonment on the murder conviction and a lesser concurrent term of imprisonment on the possession charge.

---

[1] 18 Pa.C.S. §§ 2502(a) and 907, respectively.

Newly appointed counsel filed an appeal to the Superior Court, asserting that trial counsel's assistance was constitutionally ineffective. The Superior Court, by an order dated June 29, 1984, remanded the matter to the trial court to supplement the record so that the assertions of ineffectiveness could be addressed. Upon review, despite finding that trial counsel was ineffective, the Superior Court determined that the resulting error was harmless and therefore affirmed the judgments of sentence.[2] On October 15, 1987, the Pennsylvania Supreme Court affirmed the judgments of sentence, concluding that counsel was not constitutionally ineffective.[3]

> [2] *Commonwealth v. Saxton*, 501 A.2d 293 (Pa. Super. 1985) [(unpublished mem.)].
>
> [3] *Commonwealth v. Saxton*, 532 A.2d 352 (Pa. [] 1987).

[Saxton] has unsuccessfully pursued collateral relief in the intervening years following the finality of his judgments of sentence. [Saxton]'s current PCRA petition was filed *pro se* on April 14, 2014. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Saxton] was served with notice of the court's intention to dismiss his PCRA petition on January 25, 2016. The PCRA court dismissed [Saxton]'s petition as untimely on February 16, 2016. [Saxton] filed the instant notice of appeal to the Superior Court on March 15, 2016.

Opinion, 5/16/16, at 1-2 ("PCRA Ct. Op.") (footnote omitted).

Saxton's brief does not contain a statement of questions involved. However, from the argument section of his brief, we are able to discern the sole issue he raises before this Court: Whether the PCRA court erred and abused its discretion when it dismissed Saxton's petition, styled as a petition for writ of *habeas corpus*, as time-barred. *See* Saxton's Br. at 6.

First, we must determine whether the PCRA court properly treated Saxton's petition as a PCRA petition.

- 2 -

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

*See Commonwealth v. Taylor,* 65 A.3d 462, 465–66 (Pa.Super. 2013) (citations and footnote omitted). Because the claim raised in the petition,[2] that Saxton was deprived of "conflict-free counsel" because appointed criminal defense attorneys are agents of the Commonwealth, is cognizable under the PCRA, *see* 42 Pa.C.S. § 9543(a)(2)(i), (ii),[3] the PCRA court properly treated Saxton's writ of *habeas corpus* as a PCRA petition.

_____

[2] In his PCRA petition, Saxton makes three claims that raise the same substantive issue.

[3] On appeal, Saxton's sole argument is "actual innocence." *See* Saxton's Br. at 8. We note that his only reference to this claim in the PCRA court was half a sentence at the end of the "Statement of Questions Involved" included in his PCRA petition, styled as a "Petition for Writ of Habeas Corpus." Pet. for Writ of Habeas Corpus, 4/14/14, at 9. We further note that, if properly raised below, the PCRA court would also have been required to treat the "actual innocence" claim as arising under the PCRA. *See Commonwealth v. Abu-Jamal*, 833 A.2d 719, 728 (Pa. 2003) (holding that although the term "actual innocence" is not used in section 9543 enumerating claims cognizable under the PCRA, because the PCRA is meant to provide a means of relief for those convicted of crimes they did not commit and is meant to be the sole means of obtaining collateral relief, a claim of "actual innocence" is cognizable under the PCRA rather than in a writ for *habeas corpus*).

Next, we must determine whether Saxton's PCRA petition was timely filed.

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

The Pennsylvania Supreme Court affirmed Saxton's judgment of sentence on October 15, 1987. He did not file a petition for writ of *certiorari* with the United States Supreme Court. Saxton's current petition, filed on April 14, 2014, is therefore facially untimely.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175-76. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The trial court found that Saxton's "attempt to repackage his ineffectiveness claims was wholly insufficient to demonstrate timeliness." PCRA Ct. op. at 4-5. We agree. Because Saxton failed to allege and prove one of the exceptions to the one-year time bar, the PCRA court properly dismissed his PCRA petition as untimely. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2017